1

2

3

4

5

6

7                              IN THE UNITED STATES DISTRICT COURT

8                          FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11  DASHAUN NELLUM,

12                Plaintiff,                    No. 2:12-cv-1386 JAM AC P

13        vs.

14  C. STILTNER, et al.,

15                Defendants.                   ORDER

16  _____/

17         Plaintiff is a state prisoner proceeding pro se and in forma pauperis on his

18  complaint seeking relief pursuant to 42 U.S.C. § 1983.

19         In plaintiff's original complaint, filed May 23, 2012, plaintiff alleged that

20  defendants improperly confiscated plaintiff's personal property, and then later interfered with his

21  small claims state court action seeking damages for loss of the property.  ECF No. 1.

22         On August 14, 2012, the court dismissed plaintiff's complaint with leave to

23  amend, finding that plaintiff's allegations failed to state a constitutional violation.  ECF No. 15 at

24  2-3.  In particular, the court advised plaintiff that the Supreme Court has held that an

25  unauthorized intentional deprivation of property by a state employee does not constitute a

26  violation of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is

1

1    available.  Id. at 3.  The court further advised plaintiff that prisoners have a constitutional right to

2    be afforded a reasonably adequate opportunity to present claimed violations of fundamental

3    constitutional rights to the courts, but that prisoners must prove an actual injury by showing that

4    their efforts to pursue a non-frivolous claim concerning either their conviction or conditions of

5    confinement has been hindered.  Id.  To that end, the court advised plaintiff to show, in any

6    amended complaint, what efforts plaintiff took to appeal.  Id. at 4.

7              Plaintiff has now filed an amended complaint.  ECF No. 23.  For the reasons

8    outlined below, the amended complaint will be dismissed with leave to amend within twenty-

9    eight days.  No further amendments will be permitted.

10             *Theft of Property*

11             Plaintiff alleges that defendants stole his property during a cell search, although

12   he fails to identify which defendants specifically did so.  ECF Nos. 23, 24.  In his grievance

13   appeals, copies of which are filed as exhibits to the amended complaint, plaintiff alleges that

14   defendants Kiehlmeir and Stiltner inventoried plaintiff's cell after plaintiff was taken to the

15   Administrative Segregation Unit.  See ECF No. 23 at 10, 13-14.  Because plaintiff continues to

16   allege that the taking was unauthorized, (see, e.g., ECF No. 24 at 2), and because, as the court

17   previously advised plaintiff, California provides prisoners with a post-deprivation remedy,

18   plaintiff has not stated a colorable Fourteenth Amendment claim.

19             As to defendants Burnett and Swarthout, plaintiff makes no allegation that these

20   defendants were present during the cell search or the inventory.  Instead, he appears to allege

21   that they violated his property rights because they denied his grievances regarding the missing

22   property.  Plaintiff does not identify any infirmity in the grievance process, but instead appears

23   to disagree with the appeal decisions, and to hold Burnett and Swarthout responsible for the

24   underlying alleged theft.  Such claims are not colorable.  Zavala v. Rios, 2010 WL 1948610 * 9

25   (E.D. Cal. 2010) ("A prison official who denies an administrative complaint regarding a

26   constitutional violation that has already occurred is not liable for that underlying constitutional

2

1  violation merely because the complaint is denied or ignored. The official cannot be said to have

2  caused a constitutional violation that occurred in the past.")

3              *Access to the Courts*

4              Plaintiff alleges that he was denied access to the courts because, although he

5  claims to have done everything possible, he was prevented from appearing telephonically for a

6  hearing before the superior court.  See ECF No. 23 at 6-7.  Plaintiff provides no factual basis on

7  which this court could determine that defendants were responsible for plaintiff's not being able

8  to appear at his telephone conference.  Instead, he generally alleges that he was "special transfer

9  from Solano to Corcoran by request of defendants" on the date of his superior court hearing, and

10  that he notified "staff" at Corcoran "about the situation" and that "he needed his legal property"

11  but that he did not receive the evidence he needed and was not called for the telephonic hearing.

12  See ECF No. 23 at 6.  These allegations do not support plaintiff's contention that defendants did

13  not allow to appear at his hearing, and that defendants withheld evidence from plaintiff.  Id.

14              Plaintiff further alleges in his amended complaint that the lost property included

15  legal materials which plaintiff apparently need to prove his innocence.  See ECF No. 23 at 7.

16  However, plaintiff does not describe the evidence, or how it will prove his innocence.  To the

17  extent plaintiff is attempting to allege that the cell search somehow interfered with his access to

18  the courts because defendants stole legal materials, plaintiff's allegations are vague and

19  conclusory, and fail to state a colorable First Amendment claim.

20              Accordingly, plaintiff's amended complaint will be dismissed with leave to

21  amend.  No further amendments will be permitted.  If plaintiff chooses to amend the complaint,

22  plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of

23  plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the

24  complaint must allege in specific terms how each named defendant is involved.  There can be no

25  liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

26  defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

1   <u>Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir.

2   1978).  Furthermore, vague and conclusory allegations of official participation in civil rights

3   violations are not sufficient.  <u>See Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

4           In addition, plaintiff is informed that the court cannot refer to a prior pleading in

5   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

6   amended complaint be complete in itself without reference to any prior pleading.  This is

7   because, as a general rule, an amended complaint supersedes the original complaint.  <u>See Loux v.</u>

8   <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

9   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

10  original complaint, each claim and the involvement of each defendant must be sufficiently

11  alleged.

12          In accordance with the above, IT IS HEREBY ORDERED that the amended

13  complaint is dismissed for the reasons discussed above, with leave to file an amended complaint,

14  within twenty-eight days from the date of service of this order.  Failure to file an amended

15  complaint will result in a recommendation that this action be dismissed.

16  DATED: February 26, 2013.

17

18                                   _____
                                     ALLISON CLAIRE
19                                   UNITED STATES MAGISTRATE JUDGE

20

21

22  AC:rb
    nell1386.b2

23

24

25

26

                                        4