1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DASHAUN NELLUM,                          No.  2:12-cv-1386 TLN AC P

12                      Plaintiff,

13          v.                                FINDINGS AND RECOMMENDATIONS

14   C STILTNER, et al.,

15                      Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to

18   42 U.S.C. § 1983.  In his original complaint filed on May 23, 2012, plaintiff alleged that

19   defendants improperly confiscated his personal property and then interfered with his small claims

20   state court action.  See ECF No. 1.  On August 14, 2012, this court dismissed plaintiff's original

21   complaint with leave to amend for failure to state a cognizable constitutional violation.  ECF No.

22   15.  Plaintiff filed an amended complaint alleging additional facts regarding his intended claims

23   for the loss of personal property and interference with his small claims court case; however, on

24   February 26, 2013, the amended complaint was likewise dismissed for failure to state a claim.

25   Plaintiff was again granted leave to amend but also cautioned that no further amendments would

26   be allowed.  ECF No. 25 at 2.  Plaintiff's second amended complaint is before the court.  ECF

27   No. 32.

28   ////

1

1  I.     Screening Standards

2        The court is required to screen complaints brought by prisoners seeking relief against a

3  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

4  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

7        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227−28

9  (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

10 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

11 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

12 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

13 Cir. 1989); Franklin, 745 F.2d at 1227.

14       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

15 which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

16 support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467

17 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45−46 (1957)); Palmer v. Roosevelt

18 Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under

19 this standard, the court must accept as true the allegations of the complaint in question, Hospital

20 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

21 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

22 McKeithen, 395 U.S. 411, 421 (1969).

23 II.    Screening of Plaintiff's Second Amended Complaint

24     A. Missing Personal Property

25       Plaintiff continues to allege in his second amended complaint that several items of

26 personal property were missing following a cell search by defendants Stiltner and Kiehlmeier.

27 ECF No. 32 at 8. As the court previously advised plaintiff, an unauthorized intentional

28 deprivation of property by a state employee does not constitute a violation of the Fourteenth

1   Amendment if a meaningful post-deprivation remedy for the loss is available.  ECF No. 15 at 3

2   (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984)).  The California Legislature has provided a

3   remedy for tort claims against public officials in California Government Code §§ 900, et seq.  For

4   these reasons, plaintiff's allegations about the deprivation of his personal property fail to state a

5   cognizable constitutional claim.

6        B.  Missing Bible

7        Among the missing items was plaintiff's Bible.  ECF No. 32 at 8.  Plaintiff alleges that

8   "[t]his was a personal attack on [his] faith," which interfered with his "right to practice religion."

9   Id. at 8, 11.  Petitioner pleads no additional facts regarding his missing Bible.

10       "Inmates clearly retain protections afforded by the First Amendment… including its

11  directive that no law shall prohibit the free exercise of religion."  O'Lone v. Estate of Shabazz,

12  482 U.S. 342, 348 (1987) (internal citations omitted).  However, "[l]awful incarceration brings

13  about the necessary withdrawal or limitation of many privileges and rights, a retraction justified

14  by the considerations underlying our penal system."  Id.  Thus, in order to establish a free

15  exercise violation, plaintiff must show defendants burdened the practice of his religion, without

16  justification reasonably related to legitimate penological interests, by preventing him from

17  engaging in conduct that is (1) based on a "sincerely held" religious concern and (2) "rooted in

18  religious belief," rather than in secular philosophical concerns.  Shakur v. Schriro, 514 F.3d 878,

19  884-85 (9th Cir. 2008) (quoting Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994)).

20       "In order to reach the level of a constitutional violation, the interference with one's

21  practice of religion must be more than an inconvenience; the burden must be substantial…."

22  Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997) (internal quotation marks and citation

23  omitted), overruled in part on other grounds by Shakur, 514 F.3d at 884−85.  Here, plaintiff's

24  conclusory allegation that the missing Bible "interfered with his right to practice religion" does

25  not adequately allege that his religious practice was substantially burdened or in any way

26  deterred.  In addition, no factual allegations support an inference that defendants took the Bible in

27  an intentional or conscious act to burden the free exercise of plaintiff's religion.  See Lewis v.

28  Mitchell, 416 F. Supp. 2d 935, 944 (S.D.Cal. 2005) ("Plaintiff must allege conscious or

3

1   intentional acts that burden his free exercise of religion.").  Plaintiff's conclusory allegation that

2   the act "was a personal attack on his faith" does not suffice.  See Bell Atlantic Corp. v. Twombly,

3   550 U.S. 544, 555-57 (2007) (holding that a pro se complaint must contain more than "naked

4   assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of

5   action."); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the

6   elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing

7   Twombly, 550 U.S. at 555.).  For these reasons, plaintiff's allegations about his missing Bible fail

8   to state a cognizable constitutional claim.

9           C.  Interference with Small Claims Court Case

10          Plaintiff alleges that he filed a case in small claims court about his missing property, but

11   that defendants prevented him from attending any of the scheduled telephonic hearings, which

12   resulted in dismissal of his case.  ECF No. 32 at 10-11.

13          Prisoners have a constitutional right to be afforded "a reasonably adequate opportunity to

14   present claimed violations of fundamental constitutional rights to the courts."  Lewis v. Casey,

15   518 U.S. 343, 351 (1996).  This right applies to prisoners' challenges to their convictions or

16   sentences or civil rights actions concerning conditions of confinement.  Id. at 354; see also

17   Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995).  To establish a claim for a violation of the

18   fight of access to courts, prisoners must prove an actual injury by showing that their efforts to

19   pursue a non-frivolous claim concerning their conviction or conditions of confinement were

20   hindered.  Casey, 518 U.S. at 350−55.

21          Here, plaintiff's allegations fail to provide a factual basis on which this court could

22   determine that defendants were responsible for his not being able to appear at telephone

23   conferences.  In addition, allegations of a dismissed small claims court action do not show that

24   plaintiff was hindered from pursuing a non-frivolous claim legal claim concerning his conviction,

25   sentence or conditions of confinement.  See Alvarez v. Hill, 518 F.3d 1152, 1155 (9th Cir. 2008)

26   ("Failure to show that a 'nonfrivolous legal claim had been frustrated' is fatal to his [ ] claim.")

27   (citing Casey, 518 U.S. at 353 & n.4.)); Ocasio v. McDaniel, No. 3:08-cv-0441 HDM RAM, 2009

28   WL 4377541 (D.Nev. 2009) ("[T]he right of access to the courts does not extend to small claims

4

court cases."). For these reasons, plaintiff's allegations about the missed telephonic hearings fail to state a cognizable constitutional claim.

### D. Retaliation

Plaintiff baldly alleges that defendants "retaliate[d] against the Plaintiff for filing [the small claims court action]." ECF No. 32 at 10. He provides no additional facts in support of this claim; however, it appears that plaintiff is attempting to allege that defendants retaliated by transferring him and causing him to miss his small claims court hearing.

To state a claim for retaliation under the First Amendment, plaintiff must allege that on a specified date an individual state actor or actors took adverse action against plaintiff for his engagement in a constitutionally protected activity and that the adverse action did not reasonable advance a legitimate penological goal. Rhodes v. Robinson, 408 F.3d 559, 567−68 (9th Cir. 2005). Here, plaintiff's sole allegation that defendants retaliated, without more, is too vague and conclusory to state a cognizable First Amendment claim. See Twombly, 550 U.S. at 555−57; Iqbal, 556 U.S. at 678.

### III.    Conclusion

For all the reasons discussed, the court finds the allegations in plaintiff's second amended complaint fail to state a cognizable claim for relief. In light of plaintiff's repeated failure to correct the deficiencies in his pleading, the second amended complaint should be dismissed and the clerk should be directed to close this case.

In accordance with the above, IT IS HEREBY RECOMMENDED THAT:

1.  Plaintiff's second amended complaint (ECF No. 32) be dismissed without leave to
    amend.

2.  The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

1    objections shall be served and filed within fourteen days after service of the objections.  The

2    parties are advised that failure to file objections within the specified time may waive the right to

3    appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4    DATED: August 12, 2013

5

6    _____
     ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11   AC:ls//nell.1386.14.am.dism

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28